UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DAVID ETHAN CRONK, )<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATIONS )<br>AND )<br>FEDERAL BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS, AND EXPLOSIVES )<br>AND )<br>INDIANA STATE POLICE DEPARTMENT )<br>*Defendants,* ) | Case No.: |

David Ethan Cronk, by and through his attorneys, Reiling, Teder and Schrier, LLC, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff, David Ethan Cronk (hereinafter "Cronk"), brings this action against the Federal Bureau of Investigations ("FBI"), Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the Indiana State Police Department ("ISP") (collectively "Defendants") for violations of 18 U.S.C. § 925A and 42 U.S.C. § 1983.

2. On April 6, 2011, at the age of nineteen, Cronk was charged by affidavit with one count of violating Ind. Code § 35-42-2-1(a)(3), Battery Committed Resulting in Serious Bodily Injury, a Class C Felony, in Tippecanoe County, Indiana. On September 28, 2011, Cronk pled guilty to an amended count of Battery, a Class A misdemeanor. On December 30, 2011, Cronk

was sentenced to the Indiana Department of Correction for one year, suspended on supervised probation. Cronk was also subject to a no contact order as a term of probation.

3. After a successful 2016 appeal of an erroneous denial of a license to carry a handgun issued by the Indiana State Police Department and having the no contact order removed almost five years after completion of his sentence, Cronk was denied the right to purchase a firearm in 2017. He subsequently expunged his misdemeanor conviction in April 2022. In July 2022, Cronk was again denied the right to purchase a firearm.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under a federal law: 18 U.S.C. § 925A and 42 U.S.C. § 1983.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Cronk is a resident of Warren County, Indiana.

7. Indiana State Police Department ("ISP") is a political subdivision of the State of Indiana.

8. The FBI and ATF are agencies of the United States.

## FACTS

9. On April 6, 2011, Cronk was charged with one count of violating Ind. Code § 35-42-2-1(a)(3), Battery Committed Resulting in Serious Bodily Injury, a Class C Felony, in Tippecanoe County, Indiana. The victim of the battery was an individual previously unknown to

Cronk. On September 28, 2011, Cronk pled guilty to an amended count of Battery, a Class A misdemeanor. A copy of which is attached as **Exhibit A**.

10. Under Ind. Code § 35-50-3-2, the maximum term of imprisonment for a Class A misdemeanor in Indiana shall not exceed one year.

11. On December 30, 2011, Cronk was sentenced to the Indiana Department of Correction for one year, suspended on supervised probation. Cronk was also subject to a no contact order. Copies of which are attached as **Exhibits B and C**.

12. Cronk successfully completed probation in September 2012.

13. On January 11, 2016, Cronk received a letter from ISP advising him that he was required to show cause at an administrative hearing to determine whether he was a "proper person" to be licensed to carry a handgun. A copy of which is attached as **Exhibit D**.

14. On February 18, 2016, the Tippecanoe County Superior Court II issued an order lifting the No Contact Order issued as a term of his probation. A copy of which is attached as **Exhibit E**.

15. On May 5, 2017, Cronk received a "Warning Notice of Prohibited Firearm Transaction" from the ATF. The notice advised that he was prohibited from receiving or possessing a firearm because of his conviction for "Felony Battery Resulting in Serious Bodily Injury dated 01/09/2021 under cause number 79D02-1104-FC-000018…" A copy of which is attached as **Exhibit F**.

16. Cronk was denied purchase of a firearm in 2019 under NTN 10074GRXH.

17. Cronk challenged the results of the background check on July 19, 2019 and received notice that he was denied because of his conviction under 79D02-1104-FC-000018 on October 3, 2019. A copy of which is attached as **Exhibit G.**

18. On March 18, 2022, Cronk petitioned to expunge his misdemeanor conviction pursuant to Ind. Code § 35-38-9-2.

19. On April 28, 2022, Magistrate Judge, Sarah Wyatt, Tippecanoe County Superior Court II ordered that the misdemeanor conviction under 79D02-1104-FC-000018, be expunged. A copy of which is attached as **Exhibit H**.

20. On July 19, 2022, Cronk attempted to purchase a firearm and was again erroneously denied under NTN 102K43CGS. A copy of which is attached as **Exhibit I**.

## COUNT ONE

## Erroneous Denial of Firearm, 18 U.S.C. § 925A.

21. Cronk repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

22. Cronk was never convicted of an unlawful act under 18 USC § 922(g). His misdemeanor conviction was not an instance of domestic violence nor did it involve an intimate partner.

23. Cronk was subject to a no contact order as part of his probation. Cronk completed probation in 2012 and the no contact order was never lifted until Cronk took action five years later to have it lifted.

24. ISP was aware that Cronk's conviction was a misdemeanor conviction not involving domestic violence, nor a felony and that the no contact order was lifted in 2016 at the time it directed the administrative hearing. ISP should have immediately corrected the information and sent the corrected information to the FBI under 28 C.F.R. § 25.5(b).

25. The "Warning Notice of Prohibited Firearm Transaction" from the ATF was sent more than a year after the no contact order was lifted and again incorrectly cited a felony conviction as the reason Cronk was prohibited from receiving or possessing a firearm.

26. The ATF failed to ensure the accuracy and integrity of information about Cronk's status when it responded to his challenge in October 2019. Had the ATF exercised any level of diligence they would have discovered that Cronk's conviction was never disqualifying because he was only convicted of a misdemeanor and any issue related to the no contact order had been resolved three years prior. The ATF's failure to maintain the integrity and accuracy of data as required by 28 C.F.R. § 25.5(a), directly resulted in an erroneous denial of Cronk's right to purchase a firearm and the resultant denial of his constitutional rights.

27. Moreover, Cronk went the extra step of expunging his misdemeanor conviction in the hope it would easily resolve the issues regarding lawfully purchasing a firearm. However, had Cronk's conviction been a disqualifying felony, which it was not, the court's order expunging Cronk's misdemeanor conviction under 79D02-1104-FC-000018 on April 28, 2022 restored Cronk as a "proper person;" as defined under Ind. Code § 35-47-1-7(2). The denial in July 2022 was erroneous. Specifically, Ind. Code § 35-38-9-10(c) provides that an expungement restores three core civil rights of a person and allows that person to be able to qualify as a proper person and to obtain a license to carry a firearm without restriction. Because 18 USC § 921 et seq (Gun Control Act) disqualifies convictions for which civil rights have been fully restored, no firearm restriction remain prohibiting Cronk from purchasing a firearm. The Indiana Attorney General's office issued an advisory opinion to the Indiana State Police that the expungement of a felony conviction in Indiana renders a person capable of owning a firearm under federal law. See

**Exhibit J**, *Office of the Indiana Attorney General, Official Opinion 2019-6, dated December 10, 2019.*

## COUNT TWO

### Deprivation of Civil Right, 42 U.S.C. § 1983

28. Cronk repeats and realleges paragraphs 1 through 26 hereof, as if fully set forth herein.

29. Cronk should have never been prohibited from possessing a firearm under 18 U.S.C. 922(g) or (n) as he was never convicted of a felony and never lost this Constitutional right.

30. By erroneously denying Cronk the ability purchase or possess a firearm, the FBI, ATF and ISP deprived Cronk of his Second Amendment Right to keep and bear arms.

31. Cronk has had to enlist the service of an attorney to vindicate his Second Amendment Right under 42 U.S.C. § 1988 and can be awarded attorneys' fees, cost and all other relief just and permissible in the premise.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, David Ethan Cronk respectfully requests:

A. the court enter an order directing that the erroneous information be corrected;

B. that the purchase subject to denial NTN 102K43CGS be approved;

C. Award to Plaintiff all costs and reasonable attorneys' fees and expenses incurred in connection with this action; and

D. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Reiling, Teder and Schrier, LLC |
| Date: August 1, 2022<br>Lafayette, IN | Kyle Dietrich<br>Indiana Attorney No. 33920-79<br>250 Main Street, Ste 601<br>Lafayette, IN 47902<br>(765) 423-5333<br>kd@rtslawfirm.com<br>Attorneys for Plaintiff |

7