UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DAVID ETHAN CRONK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:22 CV 51 |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### OPINION and ORDER

Plaintiff was denied the purchase of a firearm after a background check wrongfully indicated his ineligibility. Thereafter, he filed the present lawsuit. It is undisputed that after this lawsuit was filed the relevant agencies investigated the matter and corrected the database error.

Plaintiff's suit named the Federal Bureau of Investigations, the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives, and "Unknown Agents" of both of those agencies ("the federal defendants"). (DE # 14.) He also sued the Indiana State Police. (*Id.*) His complaint included three counts: Count 1 (violation of 18 U.S.C. § 925A), Count 2 (violation of 42 U.S.C. §§ 1983 and 1989), and Count 3 (violation of rights under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). (*Id.*)

Before the court are various motions to dismiss. Plaintiff has moved to voluntarily dismiss Count 1 (DE # 28), a request the court grants. The Indiana State Police filed two motions to dismiss. (DE ## 11, 17.) However, since plaintiff clarified

that he is not pursuing Counts 2 or 3 against this defendant (DE # 19 at 1-2), and because Count 1 has been dismissed with respect to all parties (DE # 28), no claims remain against the Indiana State Police, and its motions to dismiss (DE ## 11, 17) can be denied as moot.

Finally, the court must consider the federal defendants' motion to dismiss (DE # 22). As mentioned, Count 1 has been dismissed, leaving only Counts 2 and 3 remaining against the federal defendants. For whatever reason, the federal defendants moved to dismiss Count 3, but not Count 2. Plaintiff has been clear in his intent to sue at least some of the federal defendants under Count 2. (*See* Am. Compl., DE # 14 at 7.) Accordingly, the court now addresses the federal defendants' motion to dismiss with respect to Count 3, only.

The federal defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6). When reviewing a Rule 12(b)(6) motion, the court assesses the sufficiency of the pleadings to determine if claims survive or fail as a matter of law, "tak[ing] the facts alleged in the complaint as true, [and] drawing all reasonable inferences in favor of the plaintiff." *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). In this case, the issue before the court is strictly a legal one.

In Count 3, plaintiff alleged that the federal defendants violated the constitutional rights guaranteed to him by the Second Amendment. He seeks damages under *Bivens*, 403 U.S. 388, the case wherein the Supreme Court inferred the right to file a lawsuit against federal government officials who violate the Fourth Amendment. In

2

that case, the plaintiff was shackled in his home without a warrant in violation of his right to be free from unreasonable searches and seizures. *Id.*

The Supreme Court has permitted an extension of *Bivens* in only two contexts. First, in *Davis v. Passman*, 442 U.S. 228 (1979), the Court allowed a gender discrimination claim under the equal protection clause of the Fifth Amendment, where the plaintiff (a congressional staffer) had no Title VII rights to pursue. Second, in *Carlson v. Green*, 446 U.S. 114 (1980), the Supreme Court allowed a *Bivens* claim based on the Eighth Amendment, where a prisoner allegedly died due to a correctional officer's cruel and unusual punishment. Since then, the court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). The Court has been clear that so long as there is "any rational reason (even one)" to defer to Congress's judgment on the matter, "a court may not recognize a *Bivens* remedy." *Egbert v. Boule,* 142 S. Ct. 1793, 1805 (2022) (declining to extend *Bivens* to the First Amendment context).

This problem, in this case, is that *Bivens* has never been extended to violations of the Second Amendment, by any court. Indeed, only a handful of courts have even addressed the question, with all of them declining to extend *Bivens* into the Second Amendment context. *See, e.g., Meeks v. Larsen,* 611 F. App'x 277, 286 (6th Cir. 2015); *Yorzinski v. Imbert,* 39 F. Supp. 3d 218, 225 (D. Conn. 2014); *Robinson v. Pilgram,* No. 20-CV-2965 (GMH), 2021 WL 5987016, at *11 (D.D.C. Dec. 17, 2021), *aff'd,* No. 22-5001, 2022 WL 3009621 (D.C. Cir. July 28, 2022). Plaintiff argues that this court can and should be

3

the first court to acknowledge an individual's right to sue federal officials under *Bivens* for violations of the Second Amendment.

The court will not do so, for a few reasons. First, the Supreme Court has expressed strong disfavor of expanding *Bivens*. *Egbert,* 142 S. Ct. at 1805. Second, a major impetus behind *Bivens* and the few decisions extending it was to create a remedy where otherwise none would exist. In this case, plaintiff had an alternative remedy – correction of the database error – which he could (and did) pursue. There is no pressing need to create another avenue to remedy a Second Amendment violation like the one at issue here. Accordingly, the court finds that Count 3 against the federal defendants must fail because *Bivens* may not be employed to remedy the Second Amendment violation alleged by plaintiff.

For the foregoing reasons, plaintiff's motion to voluntarily dismiss Count 1 (DE # 28) is **GRANTED**, the Indiana State Police's motions to dismiss (DE ## 11, 17) are **DENIED as moot,** and the federal defendants' motion to dismiss (DE #22) is **GRANTED** with respect to Count 3. The clerk shall terminate the Indiana State Police as a defendant in this case. Count 2 remains pending against the federal defendants.

**SO ORDERED.**

Date: September 18, 2023

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4